606 So.2d 22 (1992)
Lynne COCHRAN d/b/a the Store Room
v.
TRAVELERS INSURANCE COMPANY and Warehouse Leasing Company.
No. 92-CA-234.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1992.
Michael R. Zsembik, Law Offices of James J. Morse, New Orleans, for defendant, appellant Travelers Ins. Co.
M. Arnaud Pilie', New Orleans, for plaintiff, appellee Lynne Cochran d/b/a The Store Room.
Before GOTHARD and CANNELLA, JJ., and BURNS, J. Pro Tem.
*23 CANNELLA, Judge.
Travelers Insurance Company (Travelers) appeals from a judgment in favor of Lynne Cochran d/b/a The Store Room, (Cochran), granting her Motion For Partial Summary Judgment and denying its Motion for Summary Judgment. We affirm.
All parties agree that there are no material facts in dispute. Cochran leased a portion of a building from Warehouse Leasing Company. She obtained an "all risk" Commercial Property Building policy from Travelers, effective July 3, 1989 through July 3, 1990. The policy provided building and contents coverage in the amount of $10,000 for personal property of the insured and in the amount of $50,000 for personal property of others. In November of 1989, a heavy rain occurred. Rainwater overflowed and seeped from the roof of the leased premises into the interior causing damage, in excess of the policy limits, to both Cochran's personal property and to property belonging to her customers, which was under her control and located on the premises.
Cochran made amicable demand on Travelers for payment under the policy and was refused. She filed suit. [1] Travelers answered, denying liability, because the loss was excluded from coverage under its policy. Cochran filed a Motion For Partial Summary Judgment because "the provisions of the insurance policy do provide coverage for whatever damage is proven at the trial to have occurred as a result of rainwater entering into the building." Travelers also filed a Motion For Summary Judgment on the coverage question. On June 20, 1991 the trial court heard and granted Cochran's Motion, denied Travelers' Motion and Travelers appeals herein.
Travelers admits that it issued an "all risk" policy to Cochran which covered "the risk of physical loss to the plaintiff's property and the stored merchandise within the plaintiff's premises." However, it argues that the policy specifically limits and excludes coverage based upon certain causes of loss. It contends that the trial court erred in not holding that Cochran's loss was excluded from coverage under the policy provisions. Specifically, Travelers argues that coverage for Cochran's loss is excluded under Section B, 1, g, (1) of the policy, which provides:
B. EXCLUSIONS
1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
g. WATER
(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, water spray, all whether driven by wind or not; ...
Travelers contends that the water that caused the damage to Cochran's property was "surface water" and the resulting loss is excluded from coverage. It also argues against coverage of the loss based on provisions in the limitations section of the policy, particularly 1, c, (1), which provides:
1. We will not pay for loss of or damage to:
c. The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
(1) The building or structure first sustains damage by a covered cause of loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or ...
Cochran argues that she has coverage and that the trial court was correct in rejecting Travelers' arguments, because the exclusions and limitations do not apply to the cause of her loss. She argues that the water that damaged her property was "rain water", which fell from the sky, and not "surface water", within the context of the policy. She points out that the words "surface water" are used along with "flood", "waves" and "tidal waves", clearly indicating a relationship to water on the surface of the earth.
*24 Cochran also argues that the limitations section of the policy does not apply to her loss, because she did not make a claim for damage to the "interior" of the building. Rather, her claim is for damage to the contents, her personal property and the property of her customers, which constituted changing inventory. Therefore, she argues that the trial court was correct in denying Travelers' Motion For Summary Judgment and granting hers.
Exclusions from coverage in an insurance policy must be clear and unmistakable and any ambiguity must be construed in favor of coverage. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Waldrip v. Connecticut National Life Ins., 566 So.2d 434 (La.App. 5th Cir.1990), writs denied, 571 So.2d 650 (La.1990).
The reference in the policy to "surface water" is in the context of a body of water that collects and lays on the surface of the ground. There is no indication that it was meant to encompass the situation here, of rainwater, falling from the sky, overflowing the rooftop and seeping into the interior of the building from the "roof, its gutters, and the metal capping on the roof."
La.R.S. 30:2304(17), although pertaining to Louisiana Resource Recovery and Development Authority, provides that, "`Surface water' means water occurring generally on the surface of the earth." References from other treatises and jurisdictions are in accord. "Surface waters are those which fall on the land from the skies or arise in springs, and diffuse themselves over the surface of the ground, following no defined course or channel, and not gathering into or forming any more definite body of water than a mere bog or marsh, and are lost by being diffused over the ground through percolation, evaporation, or natural drainage." 93 C.J.S. Water § 112.
"Surface waters. Those water coming unto the ground and naturally spreading over the ground and naturally spreading over the ground before they have formed into natural watercourses ... Water derived from rains and melting snows that is diffused over surface of the ground, and it continues to be such and may be impounded by the owner of the land until it reaches some well-defined channel in which it is accustomed to, and does, flow with other waters, or until it reaches some permanent lake or pond, whereupon it ceases to be `surface water' and becomes a `water course' or a `lake' or `pond' as the case may be." Black's Law Dictionary, 6th ed., 1990. See also: Enderson v. Kelehan 226 Minn. 163, 32 N.W.2d 286; Sun Underwriters Ins. Co. of New York v. Bunkley, 233 S.W.2d 153 (Tex.Civ.App.); Neal v. Ohio River R. Co. 47 W.Va. 316, 34 S.E. 914.
Travelers relies on Sherwood Real Estate and Inv. Co., Inc. v. Old Colony Ins. Co., 234 So.2d 445 (La.App. 1st Cir.1970) in support of its argument that the "surface water" exclusion includes water falling on the roof. In Sherwood the court opined that water which collected in a pool on a roof, and eventually seeped through the roof causing interior damage, was "surface water." Sherwood is distinguishable in several respects. It involved a "windstorm" policy. The court therein held that plaintiff failed to show that his loss was the direct result of windstorm. Sherwood dealt with standing or pooled water that collected on the roof. The comments about "surface water" were dicta and the court noted the question was res nova in this state.
In the instant case Cochran was covered by an "all risk" policy, that is, all risks are covered unless clearly and specifically excluded. The exclusion here relating to "surface water" is not ambiguous and is clearly not applicable to Cochran's loss from rainwater overflow and seepage. Therefore, the trial court was correct in construing the provision in favor of insurance coverage. [2]
*25 Likewise, the limitation provision, relied on by Travelers, does not clearly exclude Cochran's loss. The provision limits payment for loss to "the interior of any building or structure caused by or resulting from rain...". The provision does not exclude loss to the contents of the insured premises for which Cochran claims damages here.
The Louisiana Civil Law Treatise on Insurance cites a "typical" exclusion as providing: "This peril does not include loss to the interior of a building or the property contained in a building caused by rain...". (emphasis provided). 15 W. McKenzie & H. Johnson, Louisiana Civil Law Treatise § 320 (1986), at p. 602. The provision in the Travelers policy does not include the language pertaining to contents. Therefore, the trial court was correct in holding that this limitation provision did not exclude Cochran's loss.
Accordingly, we affirm the judgment of the district court, granting Cochran's Motion For Partial Summary Judgment and denying Travelers's Motion For Summary Judgment, with Travelers to pay the costs of appeal.
AFFIRMED.
NOTES
[1] Cochran also named Warehouse Leasing Company as a defendant. They filed a Peremptory Exception Of No Cause Of Action/No Right Of Action, which was overruled and not appealed.
[2] Travelers makes two other arguments concerning exclusion provisions. However, those are rendered moot by this finding, since they only apply if the damage is not by a Covered Cause of Loss. By finding the "surface water" exclusion not applicable, Cochran's damages did result from a Covered Cause of Loss.